UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JDS THERAPEUTICS, LCC et al.          :
                                      :
                                      :   15-cv-4365 (JSR)
      Plaintiffs,                     :
                                      :   MEMORANDUM ORDER
         -v-                          :
                                      :
CVS Pharmacy, Inc.                    :
                                      :
      Defendant.                      :
-------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/15

JED S. RAKOFF, U.S.D.J.

In this patent infringement action, plaintiffs JDS
Therapeutics, LLC and Nutrition 21, LLC (collectively, "plaintiffs")
allege that defendant CVS Pharmacy, Inc. manufactures and sells
multivitamins that infringe a number of plaintiffs' patents.[1] On
September 22, the parties raised two discovery disputes with the
Court concerning (1) plaintiffs' assertion of privilege as to
documents regarding plaintiffs' testing of defendant's accused
products (the "Testing Documents"), and (2) plaintiffs' refusal to
produce a privilege log in regard to the documents it is
withholding. Having reviewed the parties' submissions, which will be
docketed with this Memorandum Order, the Court rules as follows:

First, to the extent the Testing Documents were "prepared in
anticipation of litigation or for trial by or for [plaintiffs] or

---

[1] Though the First Amended Complaint names CVS Health Corporation as
a defendant as well, the parties have since stipulated to the
dismissal of CVS Health Corporation from this action without
prejudice. *See* ECF No. 33.

[their] representative[s]," the Court finds that those documents are protected work product under Rule 26(b)(3) of the Federal Rules. Fed. R. Civ. P. 26(b)(3).

While defendant submits that data is not protected by Rule 26(b)(3), "[b]oth facts and opinions are protected by the work product privilege." *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 334, 336 (S.D.N.Y. 2008) (stating that the "factual nature of . . . clinical studies does not, by itself, destroy a potential work product privilege" so long as the documents were created by or for counsel in anticipation of litigation and would not have been "created in essentially similar form irrespective of any litigation"); *see also In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161 (2d Cir. 2002) ("[W]e see no reason why work product cannot encompass facts."); *Nycomed U.S. Inc., v. Glenmark Generics Ltd., et al.*, 08-cv-5023 (E.D.N.Y. Aug. 4, 2009), ECF No. 115 at 3-4 ("If, as Nycomed claims, any testing that was performed was 'in direct anticipation of this litigation, at the direction and pursuant to the advice of Nycomed's counsel,' and if Nycomed does not intend to offer proof of that testing at trial, then information concerning the testing would be protected by the work-product doctrine."). To the extent the out-of-jurisdiction cases cited by defendant could be read to stand for the proposition that the privilege does not attach to such testing-related documents, the Court disagrees based both on the plain language of Rule 26(b)(3) and on the above-cited precedent.

To be sure, the work-product privilege is not absolute, and, in particular, may be lifted if defendant "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. Rule 26(b)(3)(A)(ii). In this regard, defendant submits that it "needs to understand the basis for the allegations against it, including the testing necessary to support Plaintiffs' claims" and that it "cannot get that information from another source."

This entreaty is unpersuasive, however, because, as plaintiffs observe, any expert tests that they intend to use as evidence in this action will be timely disclosed to defendant in accordance with the expert disclosure deadlines set in the case management plan. Moreover, defendant is perfectly capable of testing its own products for the ingredient at issue, and "where a party has the ability to 'perform its own tests', '[s]uch testing would not be [considered] an undue hardship.'" *Reckitt Benckiser LLC v. Amneal Pharm., LLC*, 2012 WL 2871061, at *6 (D.N.J. July 12, 2012).[2]

---

[2] Defendant cites *Tillotson Corp. v. Shijiazhaung Hongray Plastic Products, Ltd.*, 244 F.R.D. 683 (N.D. Ga. 2007), for the proposition that defendant's own tests would not be an adequate substitute, but, even in *Tillotson*, the court "recogniz[ed] that [because] the information was prepared in anticipation of litigation, [it would] not require the plaintiff to disclose the test data unless it relies on that information to support its infringement claims or will use that information in the future." *Id.* at 693.

3

Defendant complains that the discovery schedule in this case does not provide it with adequate time to study plaintiffs' testing once disclosed and to take discovery of third-party testing entities. But if defendant believes that to be the case, the appropriate avenue for relief is for defendant to meet and confer with plaintiffs regarding adjustments to interim discovery deadlines and, if agreement cannot be reached and if absolutely necessary, to seek a limited adjustment of discovery deadlines from the Court at an appropriate time. The appropriate form of relief is certainly not the evisceration of plaintiffs' work-product privilege that defendant seeks.

Second, defendant's request that the Court compel the production of a privilege log from plaintiffs is granted. Rule 26(b)(5)(A) of the Federal Rules requires the production of a privilege log "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," as plaintiffs do here. Fed. R. Civ. P. 26(b)(5)(A). Plaintiffs, by their own admission, have declined to comply with Rule 26(b)(5)(A) on the basis that doing so "would disclose counsel's pre-filing investigation, mental processes, and work-product, and would identify potential non-testifying expert consultants in violation of Rule 26." Thus, plaintiffs' novel argument is that the privilege log itself would be privileged. This borders on the frivolous. Rule 26(b)(5) does not end with the caveat, "if the party feels like it."

It is in no way optional. Nor does it matter that plaintiffs feel the creation of a privilege log would be "burdensome and wasteful."

Plaintiffs are thus ordered to produce a fully proper privilege log by no later than October 28, 2015.

Plaintiffs are further cautioned that "[f]ailing to timely provide a privilege log may also result in waiver." *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 66 (E.D.N.Y. 2007); *Haid v. Wal-Mart Stores, Inc.*, 2001 WL 1819193, at *4 (D. Kan. Jan. 11, 2001) ("[F]or some strange reason, defendant chose not to prepare the privilege log that is plainly required in federal practice. . . . Defendant's [privilege] objections therefore, have been waived."), *order aff'd*, 2001 WL 964102 (D. Kan. June 25, 2001).

SO ORDERED.

Dated:   New York, NY
         October 21, 2015

JED S. RAKOFF, U.S.D.J.